UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
JACOB SWEENEY,

              Petitioner,

                              13-CV-4206 (SJ)

        -against-

                              MEMORANDUM &
                              ORDER

UNITED STATES OF AMERICA,

              Respondent.
-------------------------------------------------X

A P P E A R A N C E S

JACOB SWEENEY, Pro Se
No. 77200-053
Danbury FCI
Route 37
Danbury, CT 06811

ROBERT L. CAPERS
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Lauren Elbert
*Attorney for Respondent*

**JOHNSON, Senior District Judge:**

    Petitioner Jacob Sweeney ("Petitioner" or "Sweeney"), pro se, has petitioned this Court pursuant to 28 U.S.C. § 2255 ("Section 2255") to vacate, set aside, or correct his sentence on the grounds that he received ineffective assistance

1

of counsel. The Government opposes. For the following reasons, the motion is DENIED.

## BACKGROUND

In May 2010, Sweeney pled guilty to bank robbery and conspiracy to commit bank robbery of a Cobble Hill Washington Mutual Bank branch in violation of 18 U.S.C. §§ 371 and 2113(a). There was no plea agreement. At the plea allocution before Judge Gold, Sweeney indicated that he did not go into the bank but was merely the getaway driver. The government represented that, if there were a trial, it would be prepared to prove, inter alia, that Sweeney also entered the bank, approached a teller, demanded cash and brandished a cellular phone cloaked in a towel in order to mimic the appearance of a firearm.

Accordingly, a Pre-Sentence Investigation Report ("PSR") was prepared by the United States Probation Department ("Probation") and, in calculating the applicable guideline range, Probation applied a 2-point enhancement for obstruction of justice and did not apply the 3-point reduction for acceptance of responsibility. See U.S.S.G. §§ 3C1.1; 3E1.1 (2010).

The relationship between Sweeney and his court-appointed lawyer, Federal Defender Deirdre D. von Dornum ("von Dornum"), subsequently broke down. Sweeney claimed that he told von Dornum that he was innocent; only pled guilty out of fear of a ten-year sentence after trial; and that she instructed him to say that was involved but never entered the bank. New counsel was appointed and a

2

hearing was held, at which Sweeney testified. Sweeney continued to insist that he told von Dornum that he was innocent but was willing to allocute in the most favorable way possible and that it was von Dornum's idea to say he was outside of the bank. Sweeney also testified for the first time that he was in fact in the bank and did brandish a cellular phone wrapped in a green towel, demanding money from a teller. This testimony was consistent with an earlier identification of Sweeney by a teller. (See generally Order Adopting Report & Recommendation (Dkt. No. 29).) Finally, Sweeney admitted that he lied to Judge Gold during the allocution.

In a June 30, 2011 order, this Court found that Sweeney's testimony lacked credibility. Accordingly, the Court also found that the 2-point increase for obstruction of justice was warranted, as was the denial of the 3-point increase for acceptance of responsibility. Sweeney's guideline range was determined to be 78-97 months. On July 1, 2011, he was sentenced to 97 months imprisonment, 3 years supervised release and a $200 special assessment. His conviction was affirmed on appeal to the Second Circuit. United States v. Sweeney, 485 F. App'x 468 (2d Cir. 2012); cert. denied Sweeney v. United States, 133 S.Ct. 1291 (2013).

On July 19, 2013, Sweeney filed the Petition, claiming that Dornum's representation constituted ineffective assistance of counsel.

3

P-049

## DISCUSSION

To obtain relief via a petition under Section 2255, the petitioner must show that the sentence: "(1) was imposed in violation of the Constitution or laws of the United States; or (2) that the court was without jurisdiction to impose such sentence; or (3) that the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2010). In Section 2255 proceedings, a petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000). However, for the reasons stated below, the petition fails because Petitioner cannot establish that he suffered ineffective assistance of counsel.

"In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend VI. Under the well-established test set forth in Strickland v. Washington, 466 U.S. 688, 689-94 (1984), in order to prevail, Sweeney must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. Id.

To establish deficient performance, Sweeney must demonstrate that "counsel's representations 'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland, 466 U.S. at 688). Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[T]o establish prejudice, a defendant

4

must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Sweeney's sworn statements at his plea allocution preclude his argument that he believed his counsel's performance was deficient. See Hernandez, 242 F.3d 110 (2d Cir. 2001) (affirming conviction where defendant's "factual assertions regarding his counsel's alleged ineffectiveness simply contradict his sworn statements at the plea allocution"); see also Okupe v. United States, 2009 WL 455289, at *2 (E.D.N.Y. Feb. 23, 2009) (dismissing 2255 petition where petitioner stated in plea allocution that he read and understood the plea agreement and discussed same with his lawyer). And regardless of what Sweeney believes, his lawyer's performance was not deficient. This Court has previously found both that von Dornum did not instruct Sweeney to lie and that Sweeney has made several inconsistent statements under oath. See United States v. Sweeney, 797 F. Supp. 2d 233 (E.D.N.Y. 2011). Indeed, his argument is essentially that he told his lawyer he was innocent when he was not, and that he is actually guilty of going into the bank and brandishing the towel-wrapped cell phone, but that she caused him to obstruct justice by not permitting him to admit as much. (Dkt. No. 5-7 at 18 ("I was innocent and I just wanted to plead guilty so I wouldn't get ten years in jail."); id. at 22 ("I was saying I was innocent of the total crime. That's what I was telling her.

5

But I wanted to plead guilty."); id. at 26 ("I was saying that I was innocent."); id. at 29 ("I demanded money from a bank teller."); id. ("[I was carrying] a cell phone wrapped inside a towel.").

The record indicates that Sweeney failed to realize until it was too late that in seeking to minimize his role in the offense by claiming he was merely the getaway driver, he would run afoul of his ideal guideline range. His insistence now that he was inside the bank and deserves a lower sentence for acceptance of responsibility is simply an unremarkable exercise in Monday morning quarterbacking.

## CONCLUSION

For the foregoing reasons, the petition is DENIED. Further, the Court will not issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 31, 2016　　　　　　　　　　/s<br>
　　　　Brooklyn, NY　　　　　　STERLING JOHNSON, JR.<br>
　　　　　　　　　　　　　　　Senior United States District Judge

P-049